IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

UNITED STATES OF AMERICA

VS.                          No. 2:22-cr-12-DPM-2

AUBREY BELL

### ORDER OF DETENTION

Pending before the Court is Mr. Bell's motion for detention hearing. *Doc. 33*. On September 15, 2022, Defendant Aubrey Bell appeared with his appointed counsel, J. Brooks Wiggins, for a bond hearing.[1] The Government was represented by Assistant United States Attorney Bart Dickenson. For reasons stated from the bench and in this order, the Court concludes that Mr. Bell must be detained pending trial.

The indictment (*Doc. 3*) charges Mr. Bell with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2).

Mr. Bell proposed a release plan that would include living with his mother, Shellie Bell, who would serve as his third-party custodian. Mr. Bell was living with his mother when he committed the conduct giving rise to the current federal charge and, apparently, during many of his other arrests.  Mr. Bell is 36 or 37 years old.

---

[1] Mr. Bell appeared for plea and arraignment hearing on June 1, 2022. *Doc. 18.* Because Mr. Bell was in state custody, the question of bond was moot, and he agreed to detention, without prejudice to his right to request a hearing. *Doc. 24*. On September 1, 2022, Mr. Bell filed the pending motion requesting a detention hearing. *Doc. 33.*

While Ms. Bell certainly loves her son, nothing in the record suggests that this release plan would help ensure Mr. Bell's success on pretrial release.

The Government moved for detention and proffered information from a Helena-West Helena police report, detailing events that led to Mr. Bell's arrest on March 3, 2022. That arrest gave rise to state charges for aggravated robbery and simultaneous possession of drugs and firearms, which were ultimately dropped after Mr. Bell was indicted in this case. According to the proffered information, on March 3, 2022, while Mr. Bell was subject to state court imposed conditions of release, a gentlemen exited a bank after making a withdrawal, and Mr. Bell and his codefendant demanded the withdrawn money under threat of violence. When officers arrived, Mr. Bell and his codefendant were sitting in a vehicle in the parking lot. Officers observed a white powdery substance on Mr. Bell's person and a firearm on the passenger's seat beside him.

To rebut the Government's argument that the charged offense involves violence, an aggravating factor, Mr. Bell's attorney noted that the alleged victim has changed his story several times. The Court construes this factual dispute in Mr. Bell's favor. Still, the undisputed record shows that the Government's case against Mr. Bell is strong.

The Pretrial Services Report and Addendum prepared by the Probation Office reveals that Mr. Bell has a substantial criminal history, which includes five felony

convictions and seven misdemeanor convictions. He also has six arrests involving charges that were ultimately dismissed or unresolved.[2] Since the age of 22, Mr. Bell has been in repeated run-ins with the law.

In 2015, Mr. Bell was convicted of second-degree battery involving a domestic partner. The circumstances of that conviction are particularly troubling. Mr. Bell hid in the victim's residence and beat her with his fist. When officers arrived, they found the victim badly beaten, bleeding from her head and nose.

Mr. Bell also has a 2009 arrest for third degree domestic battery and a 2012 arrest for battery second degree. Although both charges were *nolle prossed*, this is common in domestic abuse situations, and the dismissed charges suggest that the 2015 conviction was *not* an aberration. Mr. Bell's history of violence against others weighs strongly against his release.

Mr. Bell's record reveals an extremely poor history of compliance with release conditions. State authorities revoked his parole in 2015, 2018, and 2020, and the conduct underlying his current federal charges occurred while he was on state supervision.[3] Mr. Bell's past conduct while on state-imposed conditions of release

---

[2] The Court does not place a great deal of weight on dismissed charges. But the pattern here makes them something to consider.

[3] The Bail Reform Act explicitly recognizes the importance of this factor by requiring the Court to consider "whether, at the time of the current offense . . . the person was on probation, on parole, or on other release . . . ." 18 U.S.C. § 3142(g).

leaves me with no basis to conclude that he is likely to comply with any conditions of release that I might impose.

In addition to the pending federal charge, Mr. Bell is facing pending state felony charges for possession of methamphetamine or cocaine and felony fleeing. He also picked up these charges while on state supervision. According to an affidavit filed in that case, on January 31, 2022, officers attempted to stop Mr. Bell's vehicle after receiving a report that the driver was "all over the road" at 85 miles per hour, while apparently smoking marijuana. After the officer engaged his emergency lights, Mr. Bell accelerated and drove recklessly in highway traffic. Officers eventually boxed in Mr. Bell's vehicle and forced him to stop. Mr. Bell repeatedly refused commands to exit his vehicle, which forced officers to physically remove him and place him on the ground. Mr. Bell then tucked on arm under his body and repeatedly refused to show both hands so that officers could place him in handcuffs. Mr. Bell's recent conduct, which placed innocent lives at risk and demonstrated a complete lack of respect for law enforcement, is troubling.

After carefully considering all factors listed under 18 U.S.C. § 3142(g), the Court finds that the Government has proved by clear and convincing evidence that: (1) Mr. Bell poses a danger to others and to the community; and (2) if Mr. Bell were released, no condition or combination of conditions the Court could impose would reasonably assure the safety of others and the community.

IT IS THEREFORE ORDERED that Defendant is committed to the custody of the United States Marshal or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. He must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver him to the United States Marshal for a court appearance.

Dated this 16th day of September, 2022.

*[signature]*
UNITED STATES MAGISTRATE JUDGE